UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jean Gagnon</u>

    v.                                                      Civil No. 21-cv-800-LM
                                                         Opinion No. 2022 DNH 094 P

<u>Constance Gagnon, et al.</u>

**O R D E R**

Plaintiff Jean Gagnon[1] brings this interpleader action to resolve claims to certain funds within his possession (the "interpleaded funds"). Jean named several defendants as potential claimants to the interpleaded funds, including Theresa Pare, Constance Gagnon, Kathleen Sands, Pantipa Taylor, Steven Taylor, Jessica Gile, Richard Taylor III, the unknown heirs of Richard Taylor Sr. and Richard Taylor Jr.,[2] and the United States. Of these defendants, only three—Constance Gagnon, Kathleen Sands, and the United States (the "claimants")—filed an answer. The remaining defendants failed to answer, and the court entered default against them under Federal Rule of Civil Procedure 55(a). Jean and the claimants have stipulated to a settlement that divides the interpleaded funds among the claimants

---

[1] Because there are two parties in this case with the last name Gagnon, the court refers to plaintiff Jean Gagnon as "Jean" in this order.

[2] On February 8, 2022, Attorney Daniel J. Kalinski, as guardian ad litem for the unknown heirs of both Richard Taylor Sr. and Richard Taylor Jr., informed the court that he has investigated and determined that all heirs of both men are included in the complaint and that there are no unknown heirs.

and awards Jean his attorney fees and costs. Jean, the claimants, and Attorney Daniel J. Kalinski, as guardian ad litem for the unknown heirs, jointly move for entry of default judgment against the defendants in default ("defaulting defendants") and entry of final judgment consistent with the settlement. Doc. no. 29. For the following reasons, the court grants the parties' joint motion.

## DISCUSSION

To enter final judgment per Jean and the claimants' stipulation, the court must first consider whether they are entitled to default judgment against the defaulting defendants. If they are so entitled, the court can enter final judgment in their favor.

### I. Default Judgment

"[W]hen judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties." Sun Life Assur. Co. of Canada, (U.S.) v. Conroy, 431 F. Supp. 2d 220, 224 (D.R.I. 2006). Accordingly, to grant default judgment, the court must first consider whether it has both subject matter jurisdiction over this case and personal jurisdiction over defendants. Id. If so, then the court next considers whether Jean and the claimants are entitled to default judgment.

The court initially looks to subject matter jurisdiction. Jean brought this interpleader action in New Hampshire state court pursuant to New Hampshire law. The United States removed the action to this court pursuant to 28 U.S.C. § 1444, which authorizes the United States to remove any interpleader action in which it is a defendant from state court to the appropriate federal district court. Accordingly, this court has subject matter jurisdiction over this case. See Thomas Indus., Inc. v. City of Bristol, 336 F. Supp. 3d 28, 32 (D. Conn. 2018) (citing 28 U.S.C. §§ 1444, 2410(a)(5)).

The court next looks to personal jurisdiction. This court's personal jurisdiction in state-law claims is generally coextensive with New Hampshire state courts' personal jurisdiction. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002). "Personal jurisdiction usually is obtained over a defendant by service of process." Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 68 (1st Cir. 2003). Unlike subject matter jurisdiction, defendants may waive personal jurisdiction by either failing to raise it or through actions indicating that they acquiesce to the court's jurisdiction. Vazquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 3 (1st Cir. 2014). Here, Jean properly served all defendants. No party has raised an objection to this court's personal jurisdiction over any defendants. Accordingly, the court concludes it has personal jurisdiction over all defendants.

Having determined that the court has jurisdiction over this case and the parties, the court next considers whether Jean and the claimants are entitled to

default judgment against the defaulting defendants. After default has been entered against a defendant under Rule 55(a), the court may enter default judgment against them under Rule 55(b). "In an interpleader action, the failure of a named and properly served defendant to appear or defend in the action is deemed to be a forfeiture of that defendant's right or claim to the interpleaded fund." Metro. Life Ins. Co. v. Rathe, No. 20-CV-858-JD, 2021 WL 7082831, at *1 (D.N.H. Mar. 31, 2021). Here, the defaulting defendants have failed to appear in this case. They have thus forfeited their right to the interpleaded funds, and the court enters default judgment against them. See id.

Specifically, the Clerk of Court shall enter default judgment against Teresa Pare, Pantipa Taylor, Steven Taylor, Jessica Gile, Richard Taylor III, and the unknown heirs of both Richard Taylor Sr. and Richard Taylor Jr.

II.   Entry of Final Judgment

Jean and the claimants have reached a settlement regarding the disposition of the interpleaded funds and move the court to enter final judgment. Pursuant to their agreement, the Clerk of Court shall distribute the interpleaded funds as follows:

(1) $103,185.89 shall be paid to the United States;

(2) $100,541.72 shall be paid to Constance Gagnon;

(3) $100,541.72 shall be paid to Kathleen Sands;

(4) $5,288.34 shall be paid to Jean Gagnon for fees and costs he incurred in this action; and

(5) Any remaining funds shall be split evenly between the United States, Constance Gagnon, and Kathleen Sands.

The execution of this judgment shall be stayed until 30 days from the date of entry of judgment. See Fed. R. Civ. P. 62(a). After the stay ends, the Clerk of Court shall distribute the interpleaded funds in accordance with this order by September 23, 2022.

## CONCLUSION

For the foregoing reasons, the court grants the motion for default judgment and entry of final judgment. Doc. no. 29. In addition, because the parties' stipulation resolves Jean's request for attorney fees and costs, the court denies his prior motions requesting the same as moot. Doc. nos. 10, 27. The Clerk of Court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 10, 2022

cc:   Counsel of Record